**NOT FOR PUBLICATION**

FEB 25 2011

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VICTORIA DEL CARMEN MONTIEL CRUZ; GUILLERMO CUELLAR CARRILLO, | No. 07-70656 |
| Petitioners, | Agency Nos. A078-643-380<br>A027-712-756 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2011[**]
San Francisco, California

Before: SCHROEDER and THOMAS, Circuit Judges, and BENNETT, District Judge.[***]

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]  The Honorable Mark W. Bennett, District Judge for the United States District Court for the Northern District of Iowa, sitting by designation.

Victoria del Carmen Montiel Cruz and her spouse Guillermo Cuellar Carrillo are natives and citizens of Mexico. They petition for review of the Board of Immigration Appeals' denial, as untimely, of their motion to reopen based on their claim of ineffective assistance of counsel.

Petitioners' motion to reopen was filed late; the final administrative decision was rendered on February 11, 2005 and Petitioners filed their motion to reopen on November 3, 2006. *See* 8 C.F.R. § 1003.2(c)(2) (requiring filing of a motion to reopen "no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened"). Equitable tolling does not apply since Petitioners did not demonstrate the required due diligence. *See Socop-Gonzalez v. I.N.S.*, 272 F.3d 1176, 1193 (9th Cir. 2001) (en banc) (explaining that equitable tolling applies when "despite all due diligence, the party invoking equitable tolling is unable to obtain vital information bearing on the existence of the claim") (citations, internal quotation marks, and brackets omitted). The hearing before the Immigration Judge took place in December 2003. At that time, Petitioners knew of what counsel did that they now claim was ineffective. They thus had the information necessary to bring their ineffective assistance of counsel claim in 2003, but only filed their motion to reopen in 2006, more than a year after the administrative decision.

2

Petition **DENIED**.